UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DENNIS CORDERO,

                Plaintiff,

      -against-

THE CITY OF NEW YORK, NEW YORK CITY TRAFFIC
ENFORCEMENT AGENT ASHSEQ MALIK, Shield No.:
1632, P.O. THOMAS REILLY, Shield No.: 16774, and
P.O.s "JOHN DOE" #1-10, Individually and in their Official
Capacities, (the name John Doe being fictitious, as the true
names are presently unknown),

                Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

      Plaintiff, DENNIS CORDERO, by his attorney, Jon L. Norinsberg, Esq., complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff is an Hispanic male and was at all relevant times a resident of the State of New Jersey.

7. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

9. At all times hereinafter mentioned, the individually named defendants, NEW YORK CITY TRAFFIC ENFORCEMENT AGENT ASHSEQ MALIK ("Agent MALIK"), P.O. THOMAS REILLY, and P.O.s "JOHN DOE" #1-10, were duly sworn officers of said departments and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## FACTS

13. On or about November 13, 2012, at approximately 2:10 P.M., plaintiff DENNIS CORDERO was lawfully operating a white 2005 Freightliner Business Class M2 truck heading eastbound on Canal Street, in the County, City and State of New York.

14. Thereafter, defendant Agent MALIK began to write down plaintiff DENNIS CORDERO's license plate number.

15. When plaintiff DENNIS CORDERO asked defendant Agent MALIK why he was writing down the license plate number, Agent MALIK refused to answer his question and instead launched a series of expletives and profanities at plaintiff DENNIS CORDERO.

16. Within seconds, defendant Police Officers arrived on the scene.

17. Upon asking Agent MALIK what had transpired, Agent MALIK falsely stated to defendant Police Officers that plaintiff DENNIS CORDERO had pushed Agent MALIK.

18. At no time did plaintiff DENNIS CORDERO *ever* make any physical contact with Agent MALIK whatsoever.

19. Initially, defendant Police Officers did not believe Agent MALIK, and almost released plaintiff DENNIS CORDERO.

20. Upon seeing that plaintiff DENNIS CORDERO was being released from custody, Agent MALIK then demanded to speak with defendant Police Officer's Sergeant.

21. Agent MALIK then reiterated his ficticious story to the police sergeant, who demanded defendant Police Officers arrest plaintiff DENNIS CORDERO and bring him into custody.

22. Plaintiff DENNIS CORDERO was held in police custody for approximately one (1) day, and thereafter had to make multiple court appearences to defend himself against these baseless charges.

23. In connection with this arrest, defendants filled out false and misleading police reports and forwarded these reports to prosecutors in the New York County District Attorney's Office.

24. Specifically, Agent MALIK stated that plaintiff DENNIS CORDERO had pushed him and caused him to experience substantial pain.

24. On May 30, 2013, all charges were dismissed against plaintiff DENNIS CORDERO on Motion by the New York County District Attorney's Office.

25. As a result of the foregoing, plaintiff DENNIS CORDERO sustained, *inter alia*, loss of liberty for one (1) day, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

26. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "25" with the same force and effect as if fully set forth herein.

27. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

28. All of the aforementioned acts deprived plaintiff DENNIS CORDERO of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth,

Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York, the New York City Police Department, all under the supervision of ranking officers of said department.

31. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. As a result of defendants' aforementioned conduct, plaintiff DENNIS CORDERO was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. Defendants misrepresented and falsified evidence before the District Attorney.

37. Defendants did not make a complete and full statement of facts to the District Attorney.

38. Defendants withheld exculpatory evidence from the District Attorney.

39. Defendants were directly and actively involved in the initiation of criminal proceedings against DENNIS CORDERO.

40. Defendants lacked probable cause to initiate criminal proceedings against plaintiff DENNIS CORDERO.

41. Defendants acted with malice in initiating criminal proceedings against plaintiff DENNIS CORDERO.

42. Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff DENNIS CORDERO.

43. Defendants lacked probable cause to continue criminal proceedings against plaintiff DENNIS CORDERO.

44. Defendants acted with malice in continuing criminal proceedings against DENNIS CORDERO.

45. Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

46. Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff DENNIS CORDERO's favor on May 30, 2013, when all charges against him were dismissed on Motion by the New York County District Attorney's Office.

47. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### FORTH CLAIM FOR RELIEF
### FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "47" as if the same were more fully set forth at length herein.

49. Defendant police officers had an affirmative duty to intervene to protect the constitutional rights of plaintiff DENNIS CORDERO from being violated by other officers in their presence.

50. Defendant officers violated plaintiff DENNIS CORDERO's constitutional rights in the presence of their police officer colleagues.

51. Defendant police officers had reason to know plaintiff's constitutional rights were being violated.

52. Defendant police officers had a realistic opportunity to intervene to prevent the harm from occurring to plaintiff, but failed to do so.

53. Notwithstanding this opportunity, defendant police officers failed to intervene to prevent he violations of plaintiff DENNIS CORDERO's constitutional rights.

54. As a result of the foregoing, plaintiff DENNIS CORDERO sustained, *inter alia*, loss of liberty, emotional distress, embarrassment and humiliation and deprivation of his constitutional rights.

### FIFTH CLAIM FOR RELIEF
### DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
### UNDER 42 U.S.C. § 1983

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56. Defendants created false evidence against plaintiff DENNIS CORDERO.

57. Defendants forwarded false evidence and false information to prosecutors in the New York County District Attorney's Office.

58. In creating false evidence against plaintiff DENNIS CORDERO, in forwarding false evidence and information to prosecutors, and in providing false and misleading testimony, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

59. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

### SIXTH CLAIM FOR RELIEF
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The aforementioned individual defendants issued legal process to place plaintiff DENNIS CORDERO under arrest.

62. The aforementioned individual defendants arrested plaintiff DENNIS CORDERO in order to obtain a collateral objective outside the legitimate ends of the legal process.

63. The aforementioned individual defendants acted with intent to do harm to plaintiff DENNIS CORDERO, without excuse or justification.

64. As a result of the foregoing, plaintiff DENNIS CORDERO sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

### SEVENTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "64" as if the same were more fully set forth at length herein.

66. Defendants arrested and incarcerated plaintiff DENNIS CORDERO in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

68. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York, and the New York City Police Department, all under the supervision of ranking officers of said department.

69. The specific customs, policies, usages, practices, procedures, and rules of the City of New York include, but are ont limited to, the New York Police Department's policy of

automatically accepting the word of any traffic enforcement agent over the word of an ordinary citizen, as documented in the case of Wu v. City of New York, 934 F.Supp. 981 (S.D.N.Y. 1996).

70. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff DENNIS CORDERO.

71. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff DENNIS CORDERO as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff DENNIS CORDERO, as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and the New York City Police Department, plaintiff DENNIS CORDERO was incarcerated unlawfully for one (1) day, and thereafter had to make multiple court appearances to defend himself against these charges.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff DENNIS CORDERO.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff DENNIS CORDERO's constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff DENNIS CORDERO of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C.    To be free from unwarranted and malicious criminal prosecution;

    D.    Not to have cruel and unusual punishment imposed upon him; and

    E.    To receive equal protection under the law.

**WHEREFORE**, plaintiff DENNIS CORDERO demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action.

Dated: New York, New York
       July 15, 2014

BY: _____
     JON L. NORINSBERG (JN-2133)
     Attorney for Plaintiff
     225 Broadway, Suite 2700
     New York, N.Y. 10007
     (212) 791-5396

## DESIGNATION OF AGENT FOR ACCESS TO SEALED
## RECORDS PURSUANT TO NYCPL 160.50[1][d]

I, Dennis Cordero, Date of Birth: 5/12/63; SS #: 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, pursuant to CPL §160.50 [1][d], hereby designate Zachary Carter, Esq., Corporation Counsel for the City of New York, 100 Church Street, New York, New York 10007, or his/her authorized representative, as my agent to whom records of the criminal action terminated in my favor entitled, People v. Dennis Cordero, Indictment No. or Docket No. *2012NY085301*, in Criminal Court, County of New York, State of New York, relating to my arrest on or about November 13, 2012, may be made available for use in Civil Action _____, _____ (S.D.N.Y.).

I understand that until now the aforesaid records have been sealed pursuant to CPL §160.50, which permits those records to be made available only (1) to persons designated by me, or (2) to certain other parties specifically designated in that statute.

I further understand that the person designated by me above as a person to whom the records may be made available is not bound by the statutory sealing requirements of CPL §160.50.

The records to be made available to the person designated above comprise all records and papers relating to my arrest and prosecution in the criminal action identified herein on file with any court, police agency, prosecutor's office or state or local agency that were ordered to be sealed under the provisions of CPL §160.50.

I further authorize the release of a list from the New York City Police Department that identifies all my prior arrests by date of arrest, charge(s) and disposition, including all sealed arrests.

_____
DENNIS CORDERO

STATE OF NEW YORK     )
                     : ss.:
COUNTY OF NEW YORK    )

On this 2nd day of July, 2014, before me personally came Dennis Cordero to me known and known to me to be the individual described in and who executed the foregoing instrument, and he acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

JON L. NORINSBERG
Notary Public State of New York
No. 02NO6177973
Qualified in Bronx County
Commission Expires Nov. 19, 2015

INDEX NO. YEAR

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DENNIS CORDERO,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY TRAFFIC ENFORCEMENT AGENT ASHSEQ MALIK, Shield No. 1632; P.O. THOMAS REILLY, Shield No. 16774 and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacities, (the name John Doe being fictitious, as the true names are presently unknown),

Defendants.

---

## SUMMONS AND COMPLAINT

---

**JON L. NORINSBERG**
*Attorney for* Plaintiffs
*Office and Post Office Address, Telephone*
225 Broadway - Suite 2700
New York, New York 10007
(212) 791-5396

---

Signature (Rule 130-1.1a)

Print Name Beneath

To
Attorney(s) for   Defendants

---

Service of a copy of the within is hereby admitted.    Dated

Attorney(s) for

---

PLEASE TAKE NOTICE

☐    **NOTICE OF ENTRY**

that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on                    20

☐    **NOTICE OF SETTLEMENT**

that an order                                                                of which the within is a true copy
will be presented for settlement to the HON.                    one of the judges of the
within named Court, at

on                    20            at

Dated,                                                                                                   Yours, etc.